UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

HUGH DEAN,                              )
                                        )
           Movant,                      )
    vs.                                 )      2:10-cv-284-WTL-WGH
                                        )
UNITED STATES OF AMERICA.               )

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Hugh Dean for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

**Background**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Dean has filed such a motion, asserting that he was denied the effective assistance of counsel in connection with his guilty plea in No. 2:08-cr-14-WTL-CMM-10.

Drug charges against Dean in No. 2:08-cr-14-WTL-CMM-10 were resolved through the submission and acceptance of Dean's plea agreement with the United States. Dean pled guilty in a hearing conducted on September 14, 2009. The plea agreement provided that Dean waived his right to appeal his conviction and sentence on any ground and also agreed not to contest his conviction or sentence or the manner in which it was determined in any proceeding, including but not limited to, an action brought under 28 U.S.C. § 2255.

The court accepted Dean's plea, finding that it complied with the requisites of Rule 11 of the *Federal Rules of Criminal Procedure*. In doing so, the court found that Dean was entering his plea of guilty knowingly and voluntarily, and that he understood the consequences of his plea. On November 4, 2009, the court sentenced Dean to an executed term of 204 months imprisonment. Judgment was entered on the docket on

November 24, 2009. No direct appeal was filed with respect to the disposition of the case.

The United States argues that Dean's § 2255 motion is barred by the waiver of postconviction relief rights found in the written plea agreement. Dean responds that counsel was ineffective in allowing Dean to enter into a guilty plea which was of no benefit to Dean.

### Discussion

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. In *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), the Court of Appeals held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) the waiver was not knowingly and voluntarily made. *Jones* states that courts should be "[m]indful of the limited reach of this holding . . . that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Id.; see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of a deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief). Additionally, in *Mason* the court stated that the following analysis should be considered in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id*.

Dean argues that the sentencing guidelines range for imprisonment for his offenses was 120 to 125 months, far lower than what was agreed to in the plea agreement and that, therefore, counsel was ineffective in recommending the plea. The government responds that if Dean had been convicted of the conspiracy charge in the Second Superseding Indictment his minimum term of imprisonment would have been 240 months. Instead, the government agreed to allow Dean to plead guilty to a lesser included offense. Because Dean had a prior felony drug conviction and the government filed an Information pursuant to 21 U.S.C. § 851(a)(1), the sentence for the lesser included offense would have been not less than 120 months and not more than life imprisonment.

Dean points out that the plea agreement was based on a stipulated fact that he was accountable for the distribution of between 350 and 500 grams of methamphetamine. This contention actually supports the government's position, because the first count of the Second Superseding Indictment alleged that Dean and his co-defendants conspired to distribute *500 grams or more* of methamphetamine. The government responds that if Dean had gone to trial on the charge in the Second Superseding Indictment his total offense level would have been greater than that of the

reduced charge to which he pled guilty, he would have received no credit for acceptance of responsibility, and a larger amount of methamphetamine would have been attributed to him for sentencing purposes.

As discussed during the sentencing hearing, the government negotiated a binding plea of 17 years because when Dean had been convicted of a prior felony drug offense and placed on in-home detention he continued to deal drugs out of his parent's home, taking advantage of his parents and girlfriend. In addition, after he was arrested, when he was given an opportunity to cooperate, he instead attempted to concoct a phony defense of insanity.

Dean stated in his petition to enter a plea of guilty that he had been advised by his attorney as to the nature and cause of every accusation against him and as to any possible defenses he might have. He stated in his petition that he believed his attorney had done all that anyone could do to assist him. He offered his plea of guilty freely, voluntarily and of his own accord. The court must presume under these circumstances that Dean's statements in pleading guilty were truthful. *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001). "The purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010)(internal quotation omitted).

In his reply, Dean stated that he "is not asking to be freed and he is not saying he committed no crime." He simply believes now that he should have been given a lower sentence. Dean, however, has shown no ineffective assistance of counsel as it relates to his plea agreement. Accordingly, the waiver provision is valid and will be enforced. His § 2255 motion is barred by the waiver provision.

The foregoing circumstances show that Dean is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore denied. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Dean has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/01/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana